UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JPMORGAN CHASE BANK, N.A.,

              Plaintiff,                         Docket No.:  16-4201

              -against-                           **COMPLAINT**

JOHN WILEY & SONS, INC., WILEY PERIODICALS,
INC., BLACKWELL PUBLISHING, LTD, PIERRE
GROSSMAN, INTERNATIONAL BIBLIOGRAPHIC
INFORMATION SERVICE CORP. a/k/a IBIS CORP.,
ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD.
AND ELSEVIER MASSON SAS,

              Defendants.

-----------------------------------------------------------------------X

     Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys, Stagg, Terenzi,

Confusione & Wabnik, LLP, as and for its Complaint, alleges as follows:

### THE PARTIES

     1.      Chase is a national banking association, federally charted and existing under the

laws of the United States, with its main office in the State of Ohio.

     2.      Upon information and belief, John Wiley & Sons, Inc. is a corporation organized

under the laws of the State of New York, with its principal place of business in Hoboken, New

Jersey.

     3.      Upon information and belief, Wiley Periodicals, Inc. is a corporation organized

under the laws of the State of Delaware, with its principal place of business in Hoboken, New

Jersey.

     4.      Upon information and belief, Blackwell Publishing, Ltd. is a corporation

organized under the laws of the United Kingdom with its principal place of business in England.

5.      Upon information and belief, Pierre Grossman ("Grossman") is a citizen of Brazil and maintains a residence in Garden City, New York.

6.      Upon information and belief, International Bibliographic Information Service Corporation a/k/a IBIS Corp. ("IBIS") is a corporation organized under the laws of Brazil with its principal place of business in Garden City, New York.

7.      Upon information and belief, Elsevier Inc. is a Delaware Corporation with its principal place of business in New York.

8.      Upon information and belief, Elsevier B.V. is a corporation organized under the laws of the Netherlands with its principal place of business in the Netherlands.

9.      Upon information and belief, Elsevier Ltd. is a corporation organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.

10.     Upon information and belief, Elsevier Masson SAS is a corporation organized under the laws of France with its principal place of business in France.

## BACKGROUND

11.     On or about June 29, 2012, Elsevier Inc. commenced an action against Grossman, IBIS Corp., PTI and John Does alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), common law fraud, breach of contract and conversion.  The action was brought in the United States District Court for the Southern District of New York under Civil Action Number 12-5121 (the "Federal Court Action").  *See* Ex. A.

12.     The complaint in the Federal Court Action was amended on or about February 4, 2014 to also name Elsevier B.V., Elsevier Ltd. and Elsevier Masson SAS as plaintiffs (collectively, with Elsevier, Inc., the "Federal Court Plaintiffs").  *See* Ex. B.

2

13.     Upon information and belief, defendants John Wiley, Wiley Periodicals and Blackwell (the "State Court Plaintiffs") commenced an action in the Supreme Court of the State of New York, County of New York against Grossman, Camille Grossman, Roberto Saad, Susana Isay a/k/a Marta Isay Saad, Fabio Saad, Felipe Garcia, Joao Hecker and Ruth Pfingst under Index Number 650375/2013 (the "State Court Action").  The State Court Action alleged RICO violations, common law fraud, conspiracy to commit fraud, breach of contract and conversion.  *See* Ex. C.

14.     Upon information and belief, the State Court Plaintiffs obtained a judgment against Grossman on or about March 18, 2014.  *See* Ex. D.

15.     The judgment in the State Court Action was vacated by the trial court and then reinstated by the Appellate Division on or about October 22, 2015.  *See* Ex. E.

16.     On or about December 17, 2015, Chase received an Amended Restraining Notice from the State Court Plaintiffs to restrain bank accounts belonging to Grossman and accounts belonging to IBIS, including IBIS accounts ending in 5382 ("Account 5382") and 8501 ("Account 8501").  *See* Ex. F.

17.     Chase restrained Accounts 5382 and 8501, although there was a prior $5,000 lien attached to Account 8501.  *See* Ex. G.

18.     In the Federal Court Action, on or about January 29, 2016, the Hon. Katherine Polk Failla, U.S.D.J. signed an order granting the Federal Court Plaintiffs' motion for a preliminary injunction and restrained $300,000 in Account 5382.  *See* Ex. H.

19.     Chase responded to the Federal Court Plaintiffs advising that the bank would hold $300,000 but that Account 5382 had a negative balance.  The response indicates that the reason

for the negative balance is that funds were previously restrained in connection with the State Court Action.  *See* Ex. I.

20.    In the State Court Action, on or about May 13, 2016, the Hon. Joan A. Madden, J.S.C. issued an order denying Grossman's motion to vacate the restraining notice dated December 15, 2015 served upon Chase in connection with Account 5382.  *See* Ex. J.

21.    On or about May 20, 2016, Chase received a levy, execution and exemption claims forms from the New York Marshal in connection with the State Court Action.  The Marshal is making a demand for the fund in Account 5382.  *See* Ex. K.

22.     The amount held by Chase in Account 5382 is $147,385.72, which Chase will deposit with this Court upon commencement of this action (the "Funds at Issue").

23.    Chase is now in the position where it may be exposed to duplicative liability with respect to the Funds at Issue.  The Funds at Issue are being restrained by a restraining notice in conjunction with the State Court Action and a preliminary injunction issued in the Federal Court Action.  Even if one court lifts its restraint and directs the transfer of some monies, the restraint issued by the other court would remain in effect, thereby leading to conflicting court orders.

## JURISDICTION

24.    Chase brings this action pursuant to 28 U.S.C. § 1335(a) for interpleader relief.

25.    This Court has original jurisdiction over this matter because:

    (a)     the amount in controversy is greater than the statutory requirement of $500;

    (b)     John Wiley & Sons, Inc., International Bibliographic Information Service Corporation a/k/a IBIS Corp. and Grossman are residents of New York, while a number of the other claimants reside in other states and countries, satisfying

4

the minimum diversity requirement that two or more adverse claimants are of

diverse citizenship as defined in 28 U.S.C. § 1332(a); and

(c)     Chase deposited the Funds at Issue with the Court.

## INTERPLEADER RELIEF

26.     Chase's Account Rules and Regulations governing the bank accounts provide:

**I.2 Adverse Claims**:
If there are conflicting instructions or there is any dispute regarding your
account, we may take any action described in Section I.3 or we may place
the funds in a court (this is called an interpleader action) for resolution.
If any person notifies us of a dispute, we do not have to decide if the
dispute has merit before we take further action.   We may take these
actions without any liability and without advance notice, unless the law
says otherwise.

*See* Ex. L.

27.     Chase is uninformed as to the respective rights to the Funds at Issue, and is unable
to ascertain, without hazard to itself, which defendants, or other parties, are entitled to the Funds
at Issue.

28.     Chase makes no claim to the Funds at Issue (except for any outstanding costs and
fees, if any, that Chase incurs).

29.     The defendants and possible defendants should be required to interplead together
concerning their respective claims to the Funds at Issue.

30.     Chase, as a disinterested party, should be discharged from all liability pertaining
to the Funds at Issue and to any of the defendants in connection with the Funds at Issue.

31.     Further, the defendants should be restrained by injunction from commencing,
continuing or prosecuting any action or proceeding against Chase in connection with recovery
of the Funds at Issue.

32.     This action is not brought by collusion with any of the defendants.

5

**WHEREFORE,** Chase demands judgment as follows:

(a)    Restraining defendants from commencing, instituting, continuing or prosecuting any action or proceeding against Chase for recovery of the Funds at Issue or any part thereof;

(b)    Requiring defendants to interplead and settle between themselves their respective rights to the Funds at Issue;

(c)    Awarding Chase any outstanding costs and fees due owing to Chase;

(d)    Discharging Chase from all liability to defendants and to any claimants to the Fund at Issue and thereafter dismissing Chase from this action;

(e)    Awarding Chase the costs and disbursements of this action; and

(f)    Awarding Chase such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
       June 6, 2016

Stagg, Terenzi, Confusione & Wabnik, LLP

By:   /s/Michelle E. Tarson
       Michelle E. Tarson
*Attorneys for Plaintiff*
*JPMorgan Chase Bank, N.A.*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500

TO:   Sillis Cummis & Gross, P.C.
      *Attorneys for Defendants Elsevier Inc., Elsevier B.V., Elsevier Ltd. and Elsevier Masson SAS*
      One Riverfront Plaza
      Newark, New Jersey 07102

      Balber, Pickard, Maldonado & Van Der Tun, PC
      *Attorneys for Defendants John Wiley & Sons, Inc., Wiley Periodicals, Inc. and Blackwell Publishing, Ltd.*
      1370 Avenue of the Americas
      Floor 7
      New York, New York 10019

      Pierre Grossman
      *Defendant Pro Se*
      100 Hilton Avenue, Unit M23
      Garden City, New York 11530

      International Bibliographic Information Service Corporation a/k/a IBIS Corp.
      *Defendant Pro Se*
      100 Hilton Avenue, Unit M23
      Garden City, New York 11530